Argued and submitted October 20; convictions on Counts 5 through 12 reversed and remanded, remanded for resentencing, otherwise affirmed November 18, 2020

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JASON P. HERFURTH,
*Defendant-Appellant.*

Washington County Circuit Court
C110010CR; A170610

478 P3d 601

For the third time before this court, defendant appeals a judgment of conviction for, among other things, eight counts of second-degree sexual abuse, ORS 163.425 (Counts 5 through 12). For the first time, defendant assigns error to the trial court's entry of judgments of conviction based on nonunanimous verdicts on those counts. In response, the state acknowledges that, under *Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 206 L Ed 2d 583 (2020), the convictions on those counts were entered in violation of defendant's constitutional rights but argues that defendant may not challenge those convictions for the first time in a successive appeal because of the law-of-the-case doctrine. *Held*: The trial court erred in entering judgments of conviction based on nonunanimous verdicts. Because no appellate court had ruled on defendant's nonunanimous jury claim, and given the change in law effected by *Ramos*, the law-of-the-case doctrine did not bar review. Further, under *State v. Ulery*, 366 Or 500, 464 P3d 1123 (2020), defendant was entitled to reversal of his convictions on Counts 5 through 12.

Convictions on Counts 5 through 12 reversed and remanded; remanded for resentencing; otherwise affirmed.

Andrew Erwin, Judge.

Morgen E. Daniels, Deputy Public Defender, argued the cause for appellant. Also on the briefs was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Timothy A. Sylwester, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Lagesen, Presiding Judge, and James, Judge, and Kamins, Judge.

LAGESEN, P. J.

Convictions on Counts 5 through 12 reversed and remanded; remanded for resentencing; otherwise affirmed.

**LAGESEN, P. J.**

Defendant appeals a judgment of conviction for one count of third-degree rape, ORS 163.355 (Count 3), and eight counts of second-degree sexual abuse, ORS 163.425 (Counts 5 through 12). Although this is the third time the matter is before us on appeal—two previous appeals led to remands for resentencing—defendant for the first time assigns as error (among other assignments) the trial court's entry of judgments of conviction based on nonunanimous verdicts on Counts 5 through 12. As we now know, the court's entry of convictions on those verdicts violated defendant's jury trial right under the Sixth and Fourteenth Amendments to the United States Constitution. *Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 206 L Ed 2d 583 (2020). The state acknowledges that, under *Ramos*, the convictions on those counts were entered in violation of defendant's constitutional rights but argues that, having had two previous appeals, it is now too late for defendant to raise his Sixth Amendment challenge to his conviction. For the reasons that follow, we disagree and reverse the challenged convictions.

The basic premise of the state's argument is that, to obtain relief from those convictions, defendant was required to raise his challenge in his first appeal (even though, at the time, defendant would not have prevailed on it). In support of that premise, the state invokes the law-of-the-case doctrine, and points us to several appellate decisions declining to consider issues raised for the first time in a successive appeal, when those issues could have been raised in an initial or earlier appeal.

Ordinarily, it is true, we, like other appellate courts, refrain from considering issues that could have been raised in an initial appeal but were not. *See, e.g.*, *State v. Bowen*, 355 Or 469, 473-74, 326 P3d 1162 (2014). This, however, is not an ordinary situation. The Supreme Court's decision in *Ramos* upended 48 years of precedent holding that the unanimity requirement of the jury trial provision of the Sixth Amendment was not incorporated against the states. *See Ramos*, 590 US at ___, 140 S Ct at 1397-98. For defendant to have raised the issue any earlier would have been an act of

futility, something not in play in the cases to which the state directs our attention.

Although there are some procedural differences, this case, in a lot of ways, resembles *Rains v. Stayton Builders Mart, Inc.*, 289 Or App 672, 410 P3d 336 (2018). There, the trial court had declined to apply the statutory cap on noneconomic damages in ORS 31.710(1) to the plaintiffs' noneconomic damages award, concluding that the cap violated Article I, section 17, of the Oregon Constitution. *Id*. at 675. The defendant appealed, and we reversed. *See id*. at 676 (explaining procedural history). The plaintiffs petitioned for review in the Supreme Court and the Supreme Court accepted review. *Id*. at 677. In the meantime, the Supreme Court decided *Horton v. OHSU*, 359 Or 168, 376 P3d 998 (2016), a case that significantly altered the analytic frameworks applicable to questions arising under both Article I, section 10, and Article I, section 17, of the Oregon Constitution. *Rains*, 289 Or App at 677-78 (discussing how *Horton* changed the law). The court then remanded *Rains* to us for reconsideration of the damages cap issues under the analysis set forth in *Horton*. *Id*. at 678.

On remand, recognizing that *Horton* was fatal to their contention that the damages cap violated Article I, section 17, the plaintiffs raised a new argument—one that they had made to the trial court, but had not raised in their initial appeal: that the damages cap violated Article I, section 10. *Id*. at 679-80. In response, the defendant argued that it was too late for the plaintiffs to make that argument because they had not raised it in their initial appeal. *Id*. at 679. The defendant contended the argument was barred by the law-of-the-case doctrine and, alternatively, that the plaintiffs had waived the argument by not raising it earlier. *Id*.

Rejecting the law-of-the-case argument, we noted that that doctrine only bars consideration of an issue when an appellate court previously "has made a binding 'ruling or decision'" on the issue. *Id*. at 680-81 (quoting *Kennedy v. Wheeler*, 356 Or 518, 524, 341 P3d 728 (2014)). Rejecting the waiver argument, we looked to the Supreme Court's decision in *Kentner v. Gulf Ins. Co.*, 298 Or 69, 73-74, 689

P2d 955 (1984), to identify the considerations that come into play in evaluating whether to consider an issue that was not raised at the first available opportunity. *Rains*, 289 Or App at 681. We noted that the rule requiring that issues ordinarily be raised in an "original hearing" is to "(1) prevent a party from appealing in a piecemeal manner, (2) keep a party from shifting its position, and (3) promote the finality of appellate courts' decisions and promote judicial efficiency." *Id*. We then concluded that none of those considerations would be undermined by considering the plaintiffs' late-raised Article I, section 10, argument, in view of the significant change in legal analysis resulting from *Horton*. *Id*. at 682-83.

As in *Rains*, the law-of-the-case doctrine does not bar consideration of defendant's Sixth Amendment claim because no appellate court has ruled on that claim in the context of this case. And, as in *Rains*, there has been a significant change in the legal landscape. Given the significant change in law effected by *Ramos*, we do not perceive defendant's present challenge to the verdicts as encouraging piecemeal litigation or undercutting finality or judicial efficiency, and the state has not explained how that might be the case—let alone how those considerations would outweigh remedying Oregon's violation of defendant's federal constitutional right to have the jury reach unanimous agreement on his guilt. As noted, had defendant raised the issue any earlier, longstanding case law would have precluded him from prevailing. Defendant's decision to raise the issue now has not resulted in piecemeal litigation because, in each appeal, defendant has raised other nonfrivolous grounds for appeal. And, as should be evident, this case has never reached finality. In light of these considerations, we reject the state's argument that defendant has raised this issue too late.

Having concluded that it is not too late for defendant to raise the issue, we conclude that defendant is entitled to reversal of his convictions on Counts 5 through 12 for the reasons stated in the Supreme Court's decision in *State v. Ulery*, 366 Or 500, 464 P3d 1123 (2020). In so doing, we reiterate the Supreme Court's point that, where, as here, a significant change in law has taken place while an appeal is pending, we reverse because case law requires us to apply

"the law at the time of the appellate decision," not because the trial court made a mistake in applying then-existing law. *Id.* at 503; *see also State v. Zavala*, 361 Or 377, 380 n 1, 393 P3d 230 (2017) ("When used to describe a trial court's ruling that was not erroneous under existing law, the term 'plain error' is a misnomer; it does not imply any mistake by a trial court. Instead, it is a label that an appellate court uses when it decides that a party is entitled to a benefit of a change in the law.").

This disposition obviates the need to address defendant's other assignments of error, both of which challenge the trial court's decision to impose consecutive sentences.[1]

Convictions on Counts 5 through 12 reversed and remanded; remanded for resentencing; otherwise affirmed.

---

[1] The jury reached a unanimous verdict as to Count 3, and defendant challenges only the sentence on that count and has not assigned error to the court's entry of the conviction.