On appellant's petition for reconsideration filed April 1, 2020; reconsideration allowed, former disposition withdrawn, opinion (303 Or App 107, 463 P3d 540) modified and adhered to as modified, conviction on Count 2 reversed and remanded, remanded for resentencing, otherwise affirmed February 3; petition for review denied July 15, 2021 (368 Or 402)

## STATE OF OREGON
*Plaintiff-Respondent,*

*v.*

## NICHOLAS PATRICK MERRILL,
*Defendant-Appellant.*

### Multnomah County Circuit Court
16CR54578; A165105

481 P3d 441

Defendant appealed from a judgment of conviction for felony fourth-degree assault constituting domestic violence, ORS 163.160 (Count 1), and felony strangulation constituting domestic violence, ORS 163.187 (Count 2). The jury returned a unanimous guilty verdict on Count 1 and a nonunanimous verdict on Count 2. On appeal, defendant's first and second assignments of error both concerned the interplay between the strangulation and fourth-degree assault statutes. The Court of Appeals original opinion, *State v. Merrill*, 303 Or App 107, 463 P3d 540 (2020), addressed defendant's arguments as to merger of his convictions on Counts 1 and 2, rejecting his first two assignments of error. In a petition for reconsideration, defendant also raised supplemental assignments of error challenging his convictions by nonunanimous verdicts for Count 2, to which the state conceded. *Held*: Defendant's challenge to the trial court's nonunanimous instruction on Count 1 is foreclosed by *State v. Flores Ramos*, 367 Or 292, 334, 478 P3d 515 (2020). The state's concession to the supplemental error for Count 2 is accepted per *State v. Ulery*, 366 Or 500, 464 P3d 1123 (2020). Because defendant faces the possibility of a retrial on Count 2, and if convicted, the merger issue could arise on remand, the former opinion is not withdrawn.

Reconsideration allowed; former disposition withdrawn; former opinion modified and adhered to as modified; conviction on Count 2 reversed and remanded; remanded for resentencing; otherwise affirmed.

Kenneth R. Walker, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Zachary Lovett Mazer, Deputy Public Defender, Office of Public Defense Services, for petition.

Before Lagesen, Presiding Judge, and DeVore, Judge, and James, Judge.

JAMES, J.

Reconsideration allowed; former disposition withdrawn; opinion modified and adhered to as modified; conviction on Count 2 reversed and remanded; remanded for resentencing; otherwise affirmed.

**JAMES, J.**

Defendant appealed from a judgment of conviction for felony fourth-degree assault constituting domestic violence, ORS 163.160, and felony strangulation constituting domestic violence, ORS 163.187. On appeal, defendant's first and second assignments of error both concerned the interplay between the strangulation and fourth-degree assault statutes. In *State v. Merrill*, 303 Or App 107, 463 P3d 540 (2020), we rejected those assignments of error, but neglected to rule on the assignments of error raised in defendant's supplemental brief, wherein defendant challenged his convictions by nonunanimous verdicts.

On April 1, 2020, defendant filed a petition for reconsideration, asking us to address his supplemental assignments of error. We held our decision pending resolution of *Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 206 L Ed 2d 583 (2020), and cases then taken under advisement by the Oregon Supreme Court that presented *Ramos* issues.

In this case, the trial court instructed the jury, "This being a criminal case, ten or more jurors must agree on your verdict." The jury returned a unanimous guilty verdict on Count 1 and a nonunanimous verdict on Count 2. Defendant did not request a unanimous jury instruction and did not object to the court's receipt of the nonunanimous verdict on Count 2. On appeal, he contends that issuing a nonunanimous instruction and the acceptance of a nonunanimous verdict constitute structural errors that this court must correct, or alternatively, plain error that we should exercise our discretion to correct. The state concedes that defendant's nonunanimous conviction on Count 2 is error, and that this court should exercise its discretion to correct that error despite the lack of objection. We accept the concession and exercise our discretion to reach the merits as plain error. *State v. Ulery*, 366 Or 500, 504, 464 P3d 1123 (2020) ("[D]efendant has a significant interest in a new trial before a jury properly instructed that it must be unanimous to convict. And, though the state has a competing interest in avoiding the expense and difficulty associated with a retrial, the balance weighs in defendant's favor.").

Accordingly, we modify our original opinion to reverse defendant's conviction on Count 2.

Defendant's challenge to the trial court's nonunanimous instruction on Count 1, where the jury ultimately returned a unanimous verdict, is foreclosed by *State v. Flores Ramos*, 367 Or 292, 334, 478 P3d 515 (2020).

Our original opinion addressed defendant's arguments as to merger of his convictions on Counts 1 and 2. Because defendant faces the possibility of a retrial on Count 2, and if convicted, the merger issue could arise on remand, we do not withdraw the opinion. Even when a disposition obviates the need to address an assignment of error, we may nevertheless address questions of law that may still be at issue after the case is remanded. *See, e.g.*, *Westwood Construction Co. v. Hallmark Inns*, 182 Or App 624, 639, 50 P3d 238, *rev den*, 335 Or 42 (2002) (addressing ruling concerning the availability of certain type of attorney fees under ORS 87.060 as likely to arise on remand); *State v. McFeron*, 166 Or App 110, 116, 999 P2d 470 (2000) (addressing propriety of jury instruction concerning ways in which state may prove intoxication because it was likely to arise on remand); *OR-OSHA v. Roseburg Lumber Co.*, 151 Or App 236, 247, 949 P2d 307 (1997) (addressing agency's construction of legal standard set forth in administrative rule because it was likely to arise on remand).

Reconsideration allowed; former disposition withdrawn; opinion modified and adhered to as modified; conviction on Count 2 reversed and remanded; remanded for resentencing; otherwise affirmed.