On appellant's petition for reconsideration filed December 9, 2020, and respondent's response to petition for reconsideration filed January 11; reconsideration allowed, former disposition withdrawn, opinion (307 Or App 374, 477 P3d 409) modified and adhered to as modified, convictions on Counts 12 to 14 reversed and remanded, otherwise affirmed March 10, 2021

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

RONALD EDWIN BRADLEY II,
*Defendant-Appellant.*

Washington County Circuit Court
C081099CR; A166375

483 P3d 717

Defendant seeks reconsideration of *State v. Bradley*, 307 Or App 374, 477 P3d 409 (2020), where the court concluded that the trial court erred in failing to merge Counts 12 and 13 into a single conviction for first-degree sexual abuse. For the first time on reconsideration and in defendant's third appeal, defendant argues, and the state concedes, that, in light of *Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 206 L Ed 2d 583 (2020), the trial court plainly erred when it instructed the jury that it could find defendant guilty based on a nonunanimous verdict and its acceptance of nonunanimous verdicts, and that *State v. Herfurth*, 307 Or App 534, 478 P3d 601 (2020), allows the court to consider his argument, although not raised earlier. *Held*: The Court of Appeals agreed with the parties that the trial court plainly erred and, considering the significant change in the law from *Ramos* and that no final judgment has yet been entered, *Herfurth* allowed the court to reach defendant's claim. The court also rejected the parties' request to withdraw its prior opinion because the merger issue is likely to arise on remand.

Reconsideration allowed; former disposition withdrawn; opinion modified and adhered to as modified; convictions on Counts 12 to 14 reversed and remanded; otherwise affirmed.

D. Charles Bailey, Jr., Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Meredith Allen, Deputy Public Defender, Office of Public Defense Services, for petition.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jonathan N. Schildt, Assistant Attorney General, for response.

Before Ortega, Presiding Judge, and Shorr, Judge, and James, Judge.

ORTEGA, P. J.

Reconsideration allowed; former disposition withdrawn; opinion modified and adhered to as modified; convictions on Counts 12 to 14 reversed and remanded; otherwise affirmed.

**ORTEGA, P. J.**

Defendant, who was convicted of first-degree sexual abuse (Counts 12 and 13) and first-degree sodomy (Count 14), seeks reconsideration of our decision in *State v. Bradley*, 307 Or App 374, 477 P3d 409 (2020). Defendant argues for the first time on reconsideration, and the state concedes, that in light of *Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 206 L Ed 2d 583 (2020), the trial court plainly erred when it instructed the jury that it could find defendant guilty based on a nonunanimous verdict and its acceptance of nonunanimous verdicts. As explained below, we agree with the parties, accept the state's concession, and exercise our discretion to correct the error. We therefore grant reconsideration, modify our opinion, and reverse and remand defendant's convictions for a new trial.

This is the third time this matter is before us on appeal. In the first two appeals, we remanded for resentencing.[1] Our prior opinion in defendant's third appeal addressed sentencing issues that occurred at defendant's last resentencing. In that opinion, we concluded that the guilty verdicts on Counts 12 and 13 should have merged and remanded for resentencing. *Bradley*, 307 Or App at 376.[2]

After we took defendant's case under advisement but before we had issued our opinion, the United State Supreme Court decided *Ramos*, which held that the jury unanimity requirement of the Sixth Amendment to the United States Constitution is incorporated into and made applicable to the states through the Due Process Clause of the Fourteenth Amendment. 590 US at ___, 140 S Ct at 1397.

After we issued our opinion in this case, we decided *State v. Herfurth*, 307 Or App 534, 478 P3d 601 (2020). In *Herfurth*, after two previous appeals had led to resentencing,

---

[1] In the first appeal, we also reversed defendant's convictions related to another victim, but those charges were later dismissed on the state's motion.

[2] Defendant raised three assignments of error. We rejected without discussion his first assignment. Our resolution of defendant's second assignment, that the guilty verdicts on Counts 12 and 13 merge into a single conviction, obviated the need for us to reach defendant's third assignment related to the imposition of consecutive sentences on those counts. *Bradley*, 307 Or App at 376.

the defendant raised for the first time in a third appeal a challenge to the trial court's entry of judgments of conviction based on nonunanimous verdicts under *Ramos*. *Id.* at 536. We rejected the state's argument that the law-of-the-case doctrine required defendant to have raised that challenge in his first appeal, because that doctrine does not apply where no prior appellate court has ruled on the raised claim in that case. *Id.* at 536, 538. We further concluded that additional considerations weighed in favor of considering defendant's claim, including that *Ramos*, which "upended 48 years of precedent," significantly changed the legal landscape in Oregon, the defendant had raised other nonfrivolous claims in each appeal, and the third appeal had not yet reached finality. *Id.* We therefore reversed defendant's convictions and remanded. *Id.* at 538-39.

In defendant's petition for reconsideration in this case, he raises two assignments of error not previously raised in his appeals, arguing that, under *Ramos*, the trial court erred when it instructed the jury that it could return nonunanimous guilty verdicts and in accepting those verdicts on Counts 12, 13, and 14. He concedes that he failed to preserve his arguments below, but asks that we review them as plain error. Defendant further argues that, because he is in the same position as the defendant in *Herfurth*, he is not foreclosed from raising his claims of error for the first time in his third appeal, and he asks us to waive any court rules that may prevent us from granting relief and withdraw our prior decision.

The state concedes that the trial court plainly erred, that *Herfurth* controls, and that we should waive any court rules preventing us from reaching defendant's assignments. Like defendant, the state asks us to reverse defendant's convictions, remand for a new trial, and withdraw our prior opinion.

Here, on the merits, we agree with the parties and accept the state's concession that the trial court erred. Below, the trial court instructed the jury that "10 or more jurors must agree on your verdict"; the jury returned nonunanimous verdicts on Counts 12, 13, and 14; and the trial court accepted those guilty verdicts without objection by defendant.

Under *Ramos*, the court's instruction and acceptance of the nonunanimous verdicts was error. Further, in *State v. Ulery*, 366 Or 500, 503-04, 464 P3d 1123 (2020), the Supreme Court concluded that a trial court's acceptance of a nonunanimous verdict constituted plain error and exercised its discretion to correct that error in light of the gravity of the error and because failure to raise the issue in the trial court did not weigh heavily against correction as the trial court would not have been able to correct the error under controlling law. We therefore agree that the trial court plainly erred and, for the reasons set forth in *Ulery*, we exercise our discretion to correct the errors in this case.

We also agree with the parties that *Herfurth* controls and allows us to reach defendant's claims even though they were raised for the first time in his third appeal. As in *Herfurth*, we have not previously considered a nonunanimous jury claim in this case, defendant's prior appeals were based on nonfrivolous claims, a final judgment has not yet been entered, and there has been a significant change in the law. And, although ORAP 5.45(1) typically requires a claim of error to be raised in a party's opening brief, the change of law from *Ramos* constitutes good cause under ORAP 1.20(5) to waive that requirement. *State v. Williams*, 366 Or 495, 498-99, 466 P3d 55 (2020).

However, we disagree with the parties that we should withdraw our prior opinion. That opinion addressed whether defendant's guilty verdicts on Counts 12 and 13 should merge. Because we are reversing defendant's convictions for a new trial, the issue of merger on Counts 12 and 13 is likely to arise on remand if he is again convicted on those counts. *See State v. Merrill*, 309 Or App 68, 71, 481 P3d 441 (2021) (declining to withdraw prior opinion where court reversed convictions and remanded for a new trial, and the opinion addressed merger of the reversed counts, which could arise again on remand). As we recently explained in *Merrill*, "[e]ven when a disposition obviates the need to address an assignment of error, we may nevertheless address questions of law that may still be at issue after the case is remanded." *Id.* at 71. For that reason, we decline to withdraw our prior opinion.

Reconsideration allowed; former disposition withdrawn; opinion modified and adhered to as modified; convictions on Counts 12 to 14 reversed and remanded; otherwise affirmed.