Submitted October 31, 2018; conviction on Count 1 reversed and remanded, remanded for resentencing, otherwise affirmed May 12; petition for review denied August 26, 2021 (368 Or 514)

# STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

# TYRELL DUPREE DAMPER,
*Defendant-Appellant.*

## Washington County Circuit Court
## C141222CR; A164662

489 P3d 553

Defendant appeals a judgment of conviction for two counts of promoting prostitution, ORS 167.012, assigning error to, among other things, the trial court's (1) instruction to the jury that it could return nonunanimous verdicts for Counts 1 and 2, and (2) receipt of a nonunanimous verdict for Count 1. The state concedes that, following the United States Supreme Court's decision in *Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 206 L Ed 2d 583 (2020), the trial court plainly erred in accepting a nonunanimous verdict on Count 1, and that defendant is entitled to reversal and a new trial on Count 1. *Held*: Regarding the nonunanimous verdict on Count 1, the Court of Appeals agreed with and accepted the state's concession and exercised its discretion to correct that error. Regarding the nonunanimous jury instruction on Count 2, that erroneous instruction was rendered harmless by the unanimous verdict on Count 2.

Conviction on Count 1 reversed and remanded; remanded for resentencing; otherwise affirmed.

Eric Butterfield, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Neil F. Byl, Deputy Public Defender, Office of Public Defense Services, filed the opening and supplemental briefs for appellant. Tyrell Dupree Damper filed the supplemental brief *pro se*.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Michael A. Casper, Assistant Attorney General, filed the briefs for respondent.

Before Armstrong, Presiding Judge, and Tookey, Judge, and Shorr, Judge.

TOOKEY, J.

Conviction on Count 1 reversed and remanded; remanded for resentencing; otherwise affirmed.

**TOOKEY, J.**

Defendant appeals a judgment of conviction for two counts of promoting prostitution, ORS 167.012. He assigns error to the trial court's (1) instruction to the jury that it could return nonunanimous verdicts, (2) receipt of a nonunanimous verdict for Count 1, and (3) failure to *sua sponte* merge the verdicts on Counts 1 and 2 into a single conviction. We reject defendant's additional assignments as noted below.[1] For the reasons explained below, we reverse defendant's conviction on Count 1 and otherwise affirm.

The state charged defendant with two counts of promoting prostitution, ORS 167.012. The trial court instructed the jury that it could reach a nonunanimous verdict on both counts: "This being a criminal case, ten or more jurors must agree on your verdict." After the jury deliberated, the trial court received a nonunanimous guilty verdict on Count 1, based on a 10-2 vote, and a unanimous verdict on Count 2. Defendant later appealed, arguing among other points, that providing a nonunanimous jury instruction and accepting a nonunanimous verdict constitute either structural errors that this court must correct, or alternatively, plain error that we should exercise our discretion to correct.

While defendant's appeal was pending, the Supreme Court of the United States issued its decision in *Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 206 L Ed 2d 583 (2020). In *Ramos*, the Court concluded that a trial court's entry of judgments based on nonunanimous jury verdicts violates a defendant's right to a jury trial under the Sixth Amendment, and that the "Sixth Amendment's unanimity requirement" is "incorporated against the States under the Fourteenth Amendment." *Id.* at ___, 140 S Ct at 1397.

Following the United States Supreme Court's decision in *Ramos*, the Oregon Supreme Court explained that a nonunanimous jury instruction is not a structural error that categorically requires reversal, *State v. Flores Ramos*,

---

[1] Defendant also assigns error to the trial court's denial of his motion for judgment of acquittal on Count 1, and he also assigns error to the trial court's failure to deliver a jury-concurrence instruction, or alternatively, to require that the state elect a theory of guilt as to Count 2. We reject those assignments of error without written discussion.

367 Or 292, 319, 478 P3d 515 (2020), and that where a jury poll reveals that a verdict was unanimous for each count in question, the erroneous instruction is "harmless beyond a reasonable doubt," *State v. Kincheloe*, 367 Or 335, 338, 478 P3d 507 (2020) (citing *Flores Ramos*, 367 Or at 320). It also explained that "the receipt of a nonunanimous guilty verdict is the type of plain error that an appellate court should exercise its discretion to review, and it is an error that cannot be found harmless." *Kincheloe*, 367 Or at 339 (citing *State v. Ulery*, 366 Or 500, 504, 464 P3d 1123 (2020)).

Here, defendant contends that he is entitled to reversal of his conviction on Count 2 because the trial court issued a nonunanimous jury instruction. That contention is unavailing; the erroneous instruction was rendered harmless by the unanimous verdict on Count 2, and we therefore reject that contention for the reasons set forth in *Flores Ramos* and *Kincheloe*.

As for defendant's conviction on Count 1, the state has filed a notice with this court in which it conceded that, under *Ramos*, the trial court plainly erred in accepting a nonunanimous verdict on Count 1, and that defendant is entitled to reversal and a new trial on Count 1. We agree and accept the state's concession and, for the reasons set forth in *Kincheloe* and *Ulery*, we exercise our discretion to correct the error.

Our disposition as to Count 1 obviates the need to address defendant's remaining assignment of error: that the trial court erred by failing to merge his guilty verdicts on Counts 1 and 2 into a single conviction. *See, e.g.*, *State v. Paye*, 310 Or App 408, 417, 486 P3d 808 (2021) (reversing convictions for promoting prostitution because guilty verdicts were not unanimous and concluding that reversal obviates the need to reach merger argument as to those convictions). Nevertheless, we briefly address merger within the context of promoting prostitution, ORS 167.012, because defendant faces the possibility of a retrial on Count 1, and the issue of merger may arise on remand if he is convicted again on that count. *See State v. Merrill*, 309 Or App 68, 71, 481 P3d 441 (2021) ("Even when a disposition obviates the need to address an assignment of error, we may nevertheless

address questions of law that may still be at issue after the case is remanded."); *State v. Bradley*, 309 Or App 598, 602, 483 P3d 717 (2021) (same).

In *Paye*, we examined how ORS 161.067—the "anti-merger" statute—operates within the context of promoting prostitution under ORS 167.012. 310 Or App at 417-29. We explained that, if the guilty verdicts for multiple counts of promoting prostitution involve (1) the same criminal episode, (2) the same statutory provision, (3) the same victim, and (4) the conduct underlying those counts is not separated by a "sufficient pause," then those verdicts must merge. *Id.* at 417. We also explained that "the paragraphs of ORS 167.012(1) are the same statutory provision for purposes of [the anti-merger statute]," *id.* at 421, and that "each count of promoting prostitution involves the same victim—the public," *id.* at 428. Thus, in the instant case, if defendant is retried and reconvicted on remand, our decision in *Paye* would bear on any resulting merger issues.

Conviction on Count 1 reversed and remanded; remanded for resentencing; otherwise affirmed.