Submitted June 29, affirmed July 28, 2021

STEVEN RAY CHRISCO, JR.,
*Petitioner-Appellant,*

*v.*

Tyler BLEWETT,
Superintendent,
Two Rivers Correctional Institution,
*Defendant-Respondent.*

Umatilla County Circuit Court
17CV05876; A173388

491 P3d 832

J. Burdette Pratt, Senior Judge.

Jedediah Peterson and O'Connor Weber LLC filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Rebecca M. Auten, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Presiding Judge, and James, Judge, and Kamins, Judge.

PER CURIAM

Affirmed.

**PER CURIAM**

In this post-conviction case, petitioner appeals a judgment denying relief. The post-conviction court reentered that judgment after holding a hearing on petitioner's motion under *Church v. Gladden*, 244 Or 308, 417 P2d 993 (1966); on joint motion of the parties, we previously had vacated and remanded for the court to reconsider its ruling on petitioner's *Church* motion in light of the Supreme Court's decision in *Bogle v. State of Oregon*, 363 Or 455, 423 P3d 715 (2018). Following that hearing, the court denied petitioner's motion and, as noted, reentered its judgment denying relief.

On appeal, petitioner assigns error to the denial of his *Church* motion. He argues, in particular, that the court erred, under our decision in *Lopez v. Nooth*, 287 Or App 731, 403 P3d 484 (2017), in not appointing him a different lawyer than the one he had on remand. That contention is not preserved and, in all events, having reviewed the record and the parties' arguments, we see no error in the post-conviction court's ruling. Petitioner also assigns error to the denial of relief on his claim of ineffective assistance of counsel. But petitioner did not challenge that ruling in his first appeal, and, ordinarily, a person must challenge a contested ruling in the first possible appeal. *See State v. Herfurth*, 307 Or App 534, 536, 478 P3d 601 (2020) (stating principle). Although there are exceptions to that rule, *see id.* at 536-38, petitioner has not attempted to demonstrate that his claim falls within an exception.

Affirmed.