No. 539　　　　August 7, 2024　　　　189

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

CITY OF PORTLAND,
*Plaintiff-Appellant,*

*v.*

Alan Lloyd KESSLER,
*Defendant-Respondent.*

Multnomah County Circuit Court
20CV38625; A178189

Shelley D. Russell, Judge.

Argued September 20, 2023.

Fallon Niedrist argued the cause and filed the briefs for appellant.

Tim Cunningham argued the cause for respondent. Also on the brief were Seth R. Tangman and Davis Wright Tremaine LLP.

Before Shorr, Presiding Judge, Mooney, Judge, and Pagán, Judge.

SHORR, P. J.

Affirmed.

**SHORR, P. J.**

Plaintiff, the City of Portland (the city), appeals from a general judgment granting defendant's motion for summary judgment, declaring that public employee personal cell phone numbers were not exempt from disclosure under ORS 192.355(3) when the records containing the personal cell phone numbers were not "personnel records." The judgment further concluded that the city's refusal to provide the requested records to defendant at a reasonable fee was a violation of Oregon's public records law. The city asserts that the circuit court erred in its interpretation of the applicable law and maintains that public employee personal cell phone numbers appearing in the records that defendant seeks are exempt from disclosure. We conclude that public employee personal cell phone numbers contained in the requested records are not exempt from disclosure under the public records law. As a result, we affirm.

In 2020, defendant submitted a public records request for records from the city regarding city-issued cell phones, including the metadata of all numbers that exchanged text messages with city-issued cell phones, which is stored and archived by a service known as "Smarsh." Defendant's request stated:

> "Please provide an export of the Date, Sender, and Recipients fields for every message stored in or exportable from Smarsh. If it [is] possible to include names or other identities of the senders and recipients please include those as well."

The Smarsh data included the date and time of messages and the phone number of the sender and receiver, but did not include any information that identified the individual connected to each number, and did not include the content of the messages. In response to the request, the city maintained that it would need to have a staff member review the data "for redaction of employee personal phone numbers," which the city claimed were exempt from disclosure pursuant to ORS 192.355(3).[1] Based on the city's quoted cost for

---

[1] ORS 192.355(3) (2019) exempted from disclosure "public body employee or volunteer *** residential telephone numbers, personal cellular telephone numbers, *** and other telephone numbers contained in personnel records

review of the data prior to its release, defendant estimated that the request would be cost prohibitive.

Pursuant to public records processes, defendant petitioned the Multnomah County District Attorney for a ruling regarding the request. The District Attorney issued an order granting defendant's petition, concluding that ORS 192.355(3) applied only to personal information of public employees contained in personnel records, and that the cell phone data requested by defendant did not constitute "personnel records," and was therefore not exempt.[2]

The city subsequently filed an action in circuit court for declaratory relief, seeking a declaration that city employee personal cell phone numbers and other personal data is exempt from disclosure under ORS 192.355(3), whether contained in an employer personnel record or elsewhere. Defendant counterclaimed, seeking a declaration that the requested records are not subject to the exemption and that the city violated public records law in refusing to produce the requested records without redaction. Both parties moved for summary judgment, having jointly stipulated to the pertinent facts. The circuit court granted defendant's motion for summary judgment and denied the city's motion, concluding that "public employee cell phone numbers are not exempt from disclosure under ORS 192.355(3) when the records sought are not contained in 'personnel records.'" The circuit court further concluded that the city's refusal to provide the requested records to defendant at a reasonable fee was a violation of public records law requirements. The court issued a general judgment to that effect. The city filed this appeal.

Although this case was decided on cross-motions for summary judgment, the ultimate question in this case is one of statutory interpretation in which we employ the familiar

_____

maintained by the public body that is the employer or the recipient of volunteer services." The statute was amended while this appeal has been pending, removing the word "personnel." Or Laws 2023, ch 50, § 1. All references in this opinion are to the version of the statute in effect at the time of the proceedings below.

[2] The order additionally addressed arguments that the parties raised under another public records exemption, ORS 192.355(2). The parties raise no arguments on appeal regarding that exemption. We therefore do not discuss the contents of that portion of the district attorney's order.

framework set forth in *State v. Gaines*, 346 Or 160, 171-72, 206 P3d 1042 (2009), where we consider the statute's text in context and legislative history to the extent it is useful. Our role when interpreting a statute is "to ascertain and declare what is, in terms or in substance, contained therein[.]" ORS 174.010. Our goal in construing a statute is to "pursue the intention of the legislature if possible." ORS 174.020. "In construing a statute, [a] court is responsible for identifying the correct interpretation, whether or not asserted by the parties." *Stull v. Hoke*, 326 Or 72, 77, 948 P2d 722 (1997).

We begin with the text of the statute. ORS 192.355 states, in relevant part:

"The following public records are exempt from disclosure under ORS 192.311 to 192.478:

"* * * * *

"(3)   Upon compliance with ORS 192.363, public body employee or volunteer residential addresses, residential telephone numbers, personal cellular telephone numbers, personal electronic mail addresses, driver license numbers, employer-issued identification card numbers, emergency contact information, Social Security numbers, dates of birth and other telephone numbers contained in personnel records maintained by the public body that is the employer or the recipient of volunteer services."

The parties' primary disagreement concerns the phrase "contained in personnel records," and whether it modifies the entire list of categories of information, or only "other telephone numbers." Relying on the doctrine of the last antecedent,[3] the city maintains that the grammatically correct reading of the list of exempt information concludes with the item "other telephone numbers contained in personnel

---

[3] The doctrine has been described as follows:

"Referential and qualifying words and phrases, where no contrary intention appears, refer solely to the last antecedent. The last antecedent is the last word, phrase, or clause that can be made an antecedent without impairing the meaning of the sentence. * * *

"Evidence that a qualifying phrase is supposed to apply to all antecedents instead of only to the immediately preceding one may be found in the fact that it is separated from the antecedents by a comma."

*State v. Webb*, 324 Or 380, 386, 927 P2d 79 (1996) (internal quotation marks and citations omitted).

records." Under that interpretation, the city asserts that employee personal cell phone numbers are exempt no matter where they appear in records maintained by the public body that is the employer. Defendant asserts that a mechanical application of the doctrine of the last antecedent is contrary to the natural reading of the text, which he maintains contains three parts: what defendant refers to as the "condition precedent" of compliance with ORS 192.363; the list of categories of information; and the limiting phrase "contained in personnel records maintained by the public body that is the employer or the recipient of volunteer services."[4]

We conclude that the phrase "contained in personnel records" is a part of the rest of the limiting phrase "maintained by the public body that is the employer or the recipient of volunteer services," and that it therefore applies to the entire list of categories of information, including personal cell phone numbers. That is the only interpretation that makes logical sense for the entire sentence. Were we to accept the city's proposed interpretation, it would result in, for example, an exemption for "residential addresses maintained by the public body" and "residential telephone numbers maintained by the public body," as opposed to an exemption for those pieces of information *contained in records* maintained by the public body. We read the verb "maintained" to apply to the word "records" and not to the individual categories of information themselves. This reading is consistent with other statutes in ORS chapter 192, which repeatedly refers to the maintenance of records. *See, e.g.*, ORS 192.018 (requiring agencies to have written policies regarding use, retention and ownership of records to ensure "that public records are being maintained and

_____

[4] As noted above, the word "personnel" has since been removed from the statute. Or Laws 2023, ch 50, § 1. The parties submitted memoranda of additional authorities, each arguing that the subsequent amendment supports their interpretation of the statute. We reiterate our long-standing position that subsequent amendments are not probative in the interpretation of a statute. *State v. Merrill*, 303 Or App 107, 117, 463 P3d 540 (2020), *adh'd to as modified on recons*, 309 Or App 68, 481 P3d 441, *rev den*, 368 Or 402 (2021) ("[I]n general, the views legislators have of existing law may shed light on a new enactment, but it is of no weight in interpreting a law enacted by their predecessors. A later legislature's interpretation of an earlier legislature's intent may be incorrect. Thus, the proper inquiry focuses on what the legislature intended at the time of enactment and discounts later events." (Internal quotation marks and citations omitted.)). We therefore do not consider the recent amendment in reaching our conclusion.

managed consistently"); ORS 192.108 ("Each state agency or political subdivision shall maintain a public record or accurate copy of a public record in accordance with a retention schedule ***."); ORS 192.311 (defining "custodian" to include "[a] public body mandated *** to create, maintain, care for or control a public record"). We do not consider the city's reading, which removes any reference to the first nine categories of information being contained in records of any kind, to be a textually logical reading of the statute.

Although our interpretation is contrary to the doctrine of the last antecedent, that doctrine "is only a textual aid, and its application yields to more persuasive contextual evidence of the legislature's intent and to common sense." *Bridgeview Vineyards, Inc. v. State Land Board*, 211 Or App 251, 270, 154 P3d 734, *rev den*, 343 Or 690 (2007). We consider as supportive context the purpose of public records law and previous case law describing the general rules of construction of public records exemptions.

The underlying legislative policy of Oregon public records law is that disclosure "is the general rule to which expressly provided exemptions are the exceptions." *City of Portland v. Rice*, 308 Or 118, 121, 775 P2d 1371 (1989). Oregon has a "strong and enduring policy that public records and governmental activities be open to the public." *Jordan v. MVD*, 308 Or 433, 438, 781 P2d 1203 (1989). We have summarized our approach to the interpretation of public records law as follows:

> "[E]xemptions from disclosure must be 'expressly' stated in the law. [ORS 192.314] forbids giving effect to any implicit and broader meaning of a statutory exemption from disclosure under [ORS 192.335, 192.345 and 192.355] than what the statute 'expressly' allows. ***
>
> "Oregon courts have paraphrased this rule of construction of the Public Records Law to note that disclosure is the rule. Exemptions from disclosure are to be narrowly construed. A 'narrow construction' of a public records exemption is one that favors disclosure. That 'narrow construction' rule can be applied to resolve ambiguity about the scope of a statutory public records exemption. The 'narrow construction' rule means that, if there is a plausible construction of

a statute favoring disclosure of public records, that is the construction that prevails."

*Colby v. Gunson*, 224 Or App 666, 676, 199 P3d 350 (2008) (internal quotation marks and citations omitted).

The principle of narrow construction supports our conclusion that the listed categories of information are exempt only when they are contained in personnel records. That is a plausible interpretation of the text of the exemption, as discussed above, and results in the narrowest application of the exemption.[5] The city's interpretation of the "contained in personnel records" clause as applying only to "other telephone numbers" would dramatically increase the class of documents subject to the exemption: all incidents of public employees' personal information appearing in documents maintained by the employer would be subject to review and redaction, regardless of where the information appeared in the public body's records.

Finally, we consider legislative history to the extent that it is helpful. The exemption for personal information of public employees was originally established in 1997 and was limited to addresses and telephone numbers. Or Laws 1997, ch 825, § 1. The purpose of the exemption was for the protection of certain public employees who were particularly vulnerable to harassment by the individuals that they encountered in their jobs. Tape Recording, House Committee on General Government, HB 2491, Mar 31, 1997, Tape 58, Side B. While recognizing that certain information would remain accessible with persistent efforts, the bill's sponsors were concerned with stopping access to personal information via a public records request to an individual's employer. *Id.* As it was originally introduced, House Bill (HB) 2491 (1997) proposed adding the exemption for addresses and telephone numbers to *former* ORS 192.502 (1997), *renumbered as* 192.355 (2017):

---

[5] Though not controlling, we note that, in addition to the district attorney and the circuit court decisions below, the Attorney General has also reached the same conclusion. We consider that to be supportive of the conclusion that this interpretation of the statute is, at a minimum, "plausible." *Attorney General's Public Records and Meetings Manual* 101 (2019) ("[ORS 192.355(3)] exempts from disclosure various personal contact information and other personal information about a public employee or volunteer, as long as that information is contained in the public employer's personnel records.").

"ORS 192.502 is amended to read:

"192.502. The following public records are exempt from disclosure ***:

"*****

"(2)   Information of a personal nature such as but not limited to that kept in a personal, medical or similar file, **and that containing the home address or telephone number, or both, of an employee or volunteer,** if the public disclosure thereof would constitute an unreasonable invasion of privacy, unless the public interest by clear and convincing evidence requires disclosure in the particular instance."

HB 2491 (1997) (bold in original indicating additions to existing statute). The bill underwent several revisions, including eventually making the exemption for employee addresses and telephone numbers its own section under *former* ORS 192.502 (1997), and stating that it only applied to personnel records maintained by the employer. HB 2491 (1997), -A Engrossed (May 6, 1997); HB 2491 (1997), -B Engrossed (June 6, 1997). The addition of the clause stating, "contained in personnel records maintained by the public body that is the employer or the recipient of volunteer services," was in response to legislators' concerns that other public records that happened to refer to an individual who was a public employee could potentially be subject to the exemption, such as DMV records, property records, or voter registration records unrelated to the employee's work. Tape Recording, House Committee on General Government, HB 2491, Apr 30, 1997, Tape 92, Side B; *see also* Staff Measure Summary, House Committee on General Government, HB 2491, May 1, 1997 ("WHAT THE BILL DOES: Exempts from disclosure the address and telephone number of public employees and volunteers found in personnel records. *** ISSUES DISCUSSED: desire to keep open other types of records, such as DMV records or voter registration records."). We have been unable to locate anything in the legislative history that suggests that the inclusion of the "contained in personnel records" clause was intended to modify only "telephone numbers."[6]

---

[6] Various additions were made over the ensuing decades, while retaining the sentence structure beginning with home addresses and ending with telephone numbers, followed by the clause "contained in personnel records." *See, e.g.*,

Therefore, we conclude that the phrase "contained in personnel records" applies to the entire list of categories of personal information, including employee personal cell phone numbers. The city argues, in the alternative, that if we conclude that the exemption only applies to information contained in personnel records, that the Smarsh metadata records at issue in this matter should qualify as "personnel records." We reject that alternative argument without discussion. The requested records are not subject to the ORS 192.355(3) exemption and must be disclosed. The circuit court did not err in granting defendant's motion for summary judgment and denying the city's motion for summary judgment.

Affirmed.

Or Laws 1999, ch 855, § 4 (adding dates of birth); Or Laws 2003, ch 803, § 5 (adding Social Security numbers); Or Laws 2015, ch 26, § 1 (adding "residential" to addresses and phone numbers and adding personal cell phone numbers, personal email addresses, driver license numbers, employer-issued identification card numbers, emergency contact information, and "other" telephone numbers).